ASH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Myron C. Brasel,<br><br>     Petitioner,<br><br>v.<br><br>Dale P. Nielson, et al.,<br><br>     Respondents. | No. CV 21-08198-PCT-MTL (MTM)<br><br>**ORDER** |

  Petitioner Myron C. Brasel, who is allegedly confined in the "Eternal Spring of Gilbert"—which appears to be an assisted-living facility—has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and paid the filing fee. The Court will dismiss the Petition without prejudice and with leave to amend.

**I. Petition**

  Petitioner alleges that he is presently "imprisoned" at Eternal Spring of Gilbert due to a "permanently renewing 30-day Temporary Emergency Incapacitation Order" granted at the request of his sister in Navajo County Superior Court case no. GC2019-00110. Petitioner names Navajo County Superior Court Judges Dale P. Nielson, Ralph Hatch, and Michala M. Ruechel, and former Navajo County Superior Court Judge Robert J. Higgins, as Respondents.

**II. Lack of Personal Jurisdiction**

  A petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having physical custody of him as the respondent to the petition. *See* Rule 2(a),

Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). Typically, this person is the warden or director of the institution where the petitioner is detained. When a habeas petitioner has failed to name a respondent who has the power to order the petitioner's release, the Court "may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief." *Smith v. Idaho*, 392 F.3d 350, 355 n.3 (9th Cir. 2004).

Petitioner has named four Navajo County Superior Court judges as Respondents. These judges, however, are not the proper respondents in a § 2254 habeas corpus petition. Thus, the Petition will be dismissed and Petitioner will be given an opportunity to amend his Petition to name a proper Respondent.

**III.     Leave to Amend**

For the foregoing reasons, Petitioner's Petition will be dismissed with leave to amend. Within 30 days, Petitioner may submit a first amended petition to cure the deficiency outlined above. The Clerk of Court will mail Petitioner a court-approved form to use for filing an amended petition.

If Petitioner fails to file his amended petition on the court-approved form included with this Order, it will be stricken and the action dismissed without further notice to Petitioner. LRCiv 3.5.

The amended petition must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Petition by reference. Any amended petition submitted by Petitioner should be clearly designated as such on the face of the document.

An amended petition supersedes the original petition. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any ground for relief that was raised in the original petition and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in an amended petition. *Lacey v. Maricopa County*, 693 F.3d 896, 928

(9th Cir. 2012) (en banc).

Petitioner should also be aware that a person seeking habeas relief pursuant to § 2254 must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. *Rose v. Lundy*, 455 U.S. 509 (1982); *Szeto v. Rushen*, 709 F.2d 1340 (9th Cir. 1983). The federal courts will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. *Rose*, 455 U.S. at 521-22. Exhaustion requires that Petitioner's claims be fairly presented to the highest state court to provide that court with an opportunity to rule on the merits of Petitioner's federal claims. *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (1986); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986). To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). A failure to exhaust subjects the petition to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

### IV. Warnings

#### A. Address Changes

If Petitioner's address changes, Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed without prejudice, with leave to amend**. Petitioner has **30 days** from the date this Order is filed to file an amended petition.

(2) The Clerk of Court must enter a judgment of dismissal without prejudice of this action, without further notice to Petitioner, **if** Petitioner fails to submit an amended petition on the court-approved form within 30 days from the filing date of this Order and deny any pending unrelated motions as moot.

(3) The Clerk of Court must send Petitioner the current court-approved form for filing a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty)."

Dated this 12th day of October, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge